IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ) | |
| KRISTA NICHOLSON, ) | |
| ) | |
| Plaintiffs, ) | CIVIL CASE No.: 3:20-cv-00309 |
| ) | JUDGE TRAUGER |
| v. ) | |
| ) | |
| CLARKSVILLE PAIN INSTITUTE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO AMEND

Pursuant to Local Rule 7.01(a)(4), the United States respectfully submits this Reply to Defendants' Opposition to the United States' Motion to Amend the Complaint-in-Intervention. D.E. 98, 99, 101, 102. This Court expressly dismissed the initial complaint in this case "without prejudice," D.E. 90, inviting the instant amendment. Defendants' opposition to a routine Motion to Amend is based on perceived grievance and lacks any basis in Rule 15 or related caselaw.

## ARGUMENT

Defendants spend much of their brief characterizing the investigatory practices in this case as abusive, abnormal, and conducted in bad faith. D.E. 101 at 1-21, PageID# 952–71. But those grievances are not dispositive or relevant. Rule 15 is. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). The standard on this motion is "liberal." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987); *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987). And by virtue of the Court's dismissal without prejudice and the nature of this case, amendment is both routine and appropriate. *United States ex rel. Shea v. Cellco P'ship*, 863 F.3d 923, 936 (D.C. Cir. 2017) ("Regardless of whether Shea's complaint meets those standards, we generally do not dismiss suits with prejudice for failing to plead fraud with particularity."); *Popp*

*Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) ("Generally speaking, reviewing courts have found an abuse of discretion in cases where the district court denied amendments based on facts similar to those comprising the original complaint. The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party.") (internal citations omitted); *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) ("To the contrary, leave to amend is almost always allowed to cure deficiencies in pleading fraud.") (internal quotation omitted). Defendants point to two aspects of Rule 15: undue prejudice and bad faith. D.E. 101 at 9, 12. Defendants invoke neither repeated failure to cure deficiencies nor futility.

### A. Defendants Cannot Show Any Undue Prejudice, Let Alone "Substantial" Prejudice.

Courts assessing prejudice under Rule 15 examine whether the assertion of a new claim would require the non-movant to expend additional resources, significantly delay resolution of the dispute, or prevent a plaintiff from bringing a timely action elsewhere. *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994). The non-movant must make "at least some *significant* showing of prejudice." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) (emphasis added). None of those factors (new claims, new defenses) bears here because there is no new claim, no new defense, and no new party in this amendment. This is a new complaint to add particularity. The case is in the earliest stages. Discovery has not commenced. Defendants cannot show "real" prejudice, let alone the "significant" showing of prejudice required by the Sixth Circuit. *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995) ("Rather, the party opposing a motion to amend must make some significant showing of prejudice to prevail.") (reversing denial of motion to amend); *see also Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995) (no "real prejudice" where leave to amend was sought before discovery started). And delay, standing alone, does not bespeak prejudice. *Wallace Hardware Co. v. Abrams*,

2

223 F.3d 382, 409 (6th Cir. 2000); *Tefft v. Seward*, 689 F.2d 637, 640 n.2 (6th Cir. 1982).

True prejudice is almost impossible to show this early in a case. Prejudice has been found when a plaintiff amends after discovery, *Siegner v. Twp. of Salem*, 654 F. App'x 223, 228 (6th Cir. 2016), after a deadline to add parties, *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 641 (6th Cir. 2018), or after seeking summary judgment, *Desparois v. Perrysburg Exempted Vill. Sch. Dist.*, 455 F. App'x 659, 667 (6th Cir. 2012). Even late amendments can be permitted if the non-movant fails to show prejudice. *United States v. Wood*, 877 F.2d 453, 456–57 (6th Cir. 1989). This amendment is not late. D.E. 96. Defendants have known about this case since 2022, D.E. 33, and have had *years* to begin preparing a defense. The new material in the complaint is classic proof in these cases, *e.g.*, *United States v. Bertram*, 900 F.3d 743, 751 (6th Cir. 2018) ("The jury heard ample evidence to conclude that the defendants knew the [urine drug] tests were medically unnecessary and that billing for them was illegal."), and the facts are largely known to Defendants.

Reputational harms, litigation exposure, and attorneys' fees – the sole bases of Defendants' opposition – are not cognizable forms of prejudice. *Consumer Fin. Prot. Bureau v. TransUnion*, 674 F. Supp. 3d 467, 470 (N.D. Ill. 2023) ("The other concerns he raises--continued legal exposure and reputational harm--attend most litigation and do not rise to the level of 'undue' prejudice."); *Select Creations, Inc. v. Paliafito Am., Inc.*, 830 F. Supp. 1213, 1221 (E.D. Wis. 1993) ("Target offers no authority for the proposition that prejudice to the nonmovant's reputation may be asserted to block amendment otherwise warranted, nor is the Court aware of any."); *Adair v. Hunt Int'l Res. Corp.*, 526 F. Supp. 736, 739–40 (N.D. Ill. 1981) ("In short, the only real prejudice resulting from the amendment is defendants' increased exposure to potential liability. This, however, is hardly the type of prejudice which can be considered 'undue.'"); *see also Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971) ("There is invariably some practical prejudice resulting from an amendment,

but this is not the test for refusal of an amendment."). Defendants cannot show any real prejudice.

Many of the cases Defendants invoke to support their claims of prejudice occurred at different stages, are inapposite, or do not involve Rule 15 motions. *See, e.g.*, *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 807 (6th Cir. 2005) ("We find no abuse of discretion in the district court's denial of leave to raise new claims based on a different song, by a different artist, in the movie."); *McNulty v. Arctic Glacier, Inc.*, 2016 WL 465490, at *23 (E.D. Mich. Feb. 8, 2016) (party tried to resurrect claims dismissed in 2009 in 2016); *U.S. ex rel. Smith v. Serenity Hospice Care, LLC*, 2014 WL 4269063, at *4 (S.D. Ga. Aug. 28, 2014) ("Instead of filing a motion for leave to amend its complaint and attaching the proposed amendment, the United States, in essence, has filed a motion to *maybe* or perhaps amend its complaint.") (emphasis in original); *U.S. ex rel. Martin v. Life Care Centers of Am., Inc.*, 912 F. Supp. 2d 618 (E.D. Tenn. 2012) (not a motion to amend). This lack of on-point caselaw telegraphs that Defendants' opposition is not based in law but in perceived grievance. Defendants' invocation of prejudice fails.

**B. Defendants Cannot Show Bad Faith Because There Is None.**

Defendants also invoke bad faith. In the context of a motion to amend, bad faith means acting with intent to deceive or implying the conscious doing of a wrong because of dishonest purpose. *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) (specifically analyzing bad faith in the Rule 15 context). This case bears no resemblance to others where bad faith was found, for example, where a party attempted to destroy jurisdiction, to add already-conceded claims, or defeat a compulsory counterclaim. 6 FED. PRAC. & PROC. *Civ.* § 1487 n.31 (3d ed.). And indeed, the cases that Defendants cite included instances of such conduct. *Cohen v. Am. Airlines, Inc.*, 2020 WL 6018781, at *4 (E.D.N.Y. Sept. 9, 2020) (where plaintiff did not raise new claim or seek leave to amend complaint after removal); *In re Gen. Elec. Co. Sec.*

4

*Litig.*, 2012 WL 2892376, at *5 (S.D.N.Y. July 12, 2012) (plaintiff remained silent on amendment in briefs and during status conference and waited until after judgment to alter theory). Here, the United States promptly sought deadlines for amendment over Defendants' opposition. D.E. 93, 94.

Courts find bad faith in circumstances where there is no legal or factual basis for an amendment or where there is some ulterior motive beyond the merits. *Figgie Intern. Inc. v. Miller*, 966 F.2d 1178, 1181 (7th Cir. 1992) (affirming district court's denial of leave to amend where plaintiff repeatedly and intentionally mischaracterized evidence in support of amendment). Here, Defendants sought dismissal under Rule 9(b), claiming the initial complaint lacked particularity, and this Court agreed. Adding more particularity is what Defendants sought. It is not "bad faith" to comply with court orders to add factual detail, which the United States has done. There is no intent to deceive, conscious wrongdoing for a dishonest purpose, or operating with furtive design or ill will. *Cf. United States v. True*, 250 F.3d 410, 423 (6th Cir. 2001) (analyzing bad faith).

**C. Defendants' Aspersions on the United States Are Unwarranted.**

Finally, Defendants request that leave to amend be denied as a sanction. D.E. 101 at 20. Defendants do not cite any relevant law in support of this request because there is none. The investigation has nothing to do with whether an amendment should be permitted, and Defendants cannot challenge the civil investigative demand process on a motion for leave to amend. Each seal extension in this case was the result of this Court's orders. The Rule 15 standard proposed by defendants is a Catch-22 that would result in plaintiffs never being able to amend to add more specificity. Defendants' opposition also includes a number of characterizations of allegedly untoward conduct by counsel, *e.g.*, D.E. 101 at 14 (describing "willful" conduct), and attaches letters that are redacted and self-serving. These characterizations are unwarranted and unbecoming but have no legal bearing on this Motion. The Court should disregard them and grant this Motion.

Respectfully submitted,

ROBERT E. MCGUIRE
Acting United States Attorney

By:  s/ Michael Tackeff
MICHAEL C. TACKEFF, B.P.R. #036953
Assistant United States Attorneys
719 Church Street, Suite 3300
Nashville, TN 37203
Email: Michael.Tackeff@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2025, a copy of the foregoing Notice was filed with the clerk's office. Notice was sent, either electronically or by regular United States mail, postage prepaid, to the following:

| | |
|---|---|
| **Jerry E. Martin**<br>**Seth Marcus Hyatt**<br>Barrett Johnston Martin & Garrison, PLLC<br>200 31st Ave. N<br>Nashville, TN 37203<br>Email: jmartin@barrettjohnston.com<br>Email: shyatt@barrettjohnston.com | **Susan M. Coler**<br>Halunen Law PLLC<br>80 South Eighth Street, Suite 1650<br>Minneapolis, MN 55402<br>Email: coler@halunenlaw.com |
| **David K. Colapinto**<br>Kohn, Kohn & Colapinto, LLP<br>1710 N Street NW<br>Washington, DC 20036<br>Email: dc@kkc.com | **Taylor M. Davidson**<br>Tennessee Attorney General's Office<br>P.O. Box 20207<br>Nashville, TN 37202<br>Email: Taylor.Davidson@ag.tn.gov |
| **Matthew M. Curley**<br>**Brian Francis Irving**<br>**Hannah E. Weber**<br>Bass, Berry & Sims<br>150 Third Avenue South, Suite 2800<br>Nashville, TN 37201<br>Email: birving@bassberry.com<br>Email: webber@bassberry.com<br>Email: mcurley@bassberry.com | |

                                                  s/ Michael Tackeff
MICHAEL TACKEFF
Assistant United States Attorney