# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA ex rel.** | ) | |
| **KRISTA NICHOLSON,** | ) | |
| | ) | |
|    **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:20-cv-00309** |
| | ) | **Judge Aleta A. Trauger** |
| **CLARKSVILLE PAIN INSTITUTE, LLC,** | ) | |
| **PAIN INSTITUTE OF NASHVILLE, PLC,** | ) | |
| **MICHAEL COX, and DEBBIE COX,** | ) | |
| | ) | |
|    **Defendants.** | ) | |

## <u>MEMORANDUM</u>

The United States has filed a Motion to Amend Complaint-in-Intervention (Doc. No. 98), which, for the reasons set forth herein, will be granted.

## I.    PROCEDURAL HISTORY

Relator Krista Nicholson filed a *qui tam* Complaint under seal in April 2020, alleging fraud schemes and False Claim Act ("FCA") violations. (Doc. No. 1.) In July 2024, the United States (the "government") elected to intervene in part (Doc. No. 60) and filed a Complaint-in-Intervention ("Complaint") in September 2024 (Doc. No. 65).[1] The government asserted claims under the FCA and federal common law claims for payment by mistake and unjust enrichment against defendants Clarksville Pain Institute, LLC; Pain Institute of Nashville, PLC; Michael Cox; and Debbie Cox. (Compl. at 1, ¶¶ 366–77.) The court then granted two Motions to Dismiss the government's

---

[1] Over almost four years, the court granted the government's nine motions to extend the time to consider intervention. (Doc. Nos. 19 (July 13, 2020), 23, 26, 30, 38, 42, 48, 56, 59 (May 2, 2024).)

Complaint: one filed by the Clarksville Pain Institute and the Pain Institute of Nashville (Doc. No. 75), and the other filed by Michael Cox and Debbie Cox (the "Cox defendants") (Doc. No. 79). (Doc. No. 90 (dismissing all claims against the defendants in the United States' Complaint without prejudice).) In pertinent part, the court found that the government's Complaint did not meet Rule 9(b)'s heightened standard for pleading fraud as to the Cox defendants. (Doc. No. 89 at 36–37.)

One week later, the United States filed a Motion to Set Deadline for Amended Complaint (Doc. No. 93), which the court granted over the Cox defendants' objections. (Doc. Nos. 94, 96.) Now before the court is the government's timely-filed Motion to Amend Complaint-in-Intervention ("Motion to Amend") (Doc. No. 98), the proposed Amended Complaint-in-Intervention ("Amended Complaint") (Doc. No. 98-1), and a Memorandum in support (Doc. No. 99), to which the Cox defendants have filed a Response (Doc. No. 101) along with the Declaration of their counsel (Doc. No. 102) and Exhibits (Doc. Nos. 102–1 through 102-4), and in further support of which the government has filed a Reply (Doc. No. 103). In addition, the United States has filed a Notice of Supplemental Authority, to which the Cox defendants have filed a Response.[2] (Doc. Nos. 106–107.)

## II.     LEGAL STANDARD – RULE 15(a)

Rule 15(a) permits a party to amend its pleading "once as a matter of course" within twenty-one days after serving it or twenty-one days after service of a responsive pleading or certain Rule 12 motions. Fed. R. Civ. P. 15(a)(1). Once that window closes, a party may amend its pleading

---

[2] The United States alerted the court to the Sixth Circuit's decision in *United States v. Siefert*, 161 F.4th 379 (6th Cir. 2025), which was issued after the parties finished briefing the Motion to Amend. (Doc. No. 106 at 1.) *Siefert* is a criminal case. In their Response, the Cox defendants argued that *Seifert* is irrelevant to the pending Motion to Amend and referred the court, instead, to a First Circuit decision issued after briefing concluded. (Doc. No. 107 at 1, 2 n.1 (describing *United States ex rel. Flanagan v. Fresenius Medical Care Holdings, Inc.*, 142 F.4th 25 (1st Cir. 2025)).)

2

only with the opposing party's consent or by leave of court, and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Rule's 'purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.'" *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025) (quoting 6 Wright, Miller, & Kane, Federal Practice and Procedure § 1471 (3d ed. 2010)). Thus, Rule 15(a)(2) "embodies a 'liberal amendment policy.'" *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)).

As the Sixth Circuit has stated, "[t]ypically, 'a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" *McGowan v. Herbert*, No. 22-2033, 2023 WL 2945341, at *4 (6th Cir. Apr. 14, 2023) (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003)). At the same time, however, once the court has resolved a Rule 12(b)(6) motion, "it is a stretch to say justice *requires* granting leave to cure the complaint's deficiencies . . . even where the [district court's] order turned on a failure to meet Rule 9(b)'s particularity requirements." *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 918 n.2 (6th Cir. 2017) (emphasis added) (citing *United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 509 (6th Cir. 2008)).

Notwithstanding the liberality with which courts generally are to approach motions to amend, "a court need not grant a motion to amend when the reason for amendment is improper, 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 617 (6th Cir. 2024) (quoting *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir. 2022)).

3

## III.  DISCUSSION

The United States contends generally that it adds "factual detail the Court found lacking," including "information from employees and patients" and "material about each of the Coxes." (Doc. No. 99 at 3–4.) For example, the Amended Complaint adds information from former employees and a patient regarding the alleged "Psychological Testing Scheme." (Am. Compl. ¶¶ 286–89, 291.) The Cox defendants argue that the court should deny the government's Motion to Amend because it would unduly prejudice them and because it was brought in bad faith. (Doc. No. 101 at 9–20.)

### A.  Undue Prejudice

To deny leave to amend, "a court must find 'at least some significant showing of prejudice to the opponent.'" *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008) (quoting *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir.1986)). To determine whether amendment would cause the non-movant significant prejudice, courts consider "whether allowing the amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Miller v. Kroger Ltd. P'ship*, No. 2:24-cv-00060, 2025 WL 1505339, at *2 (M.D. Tenn. May 27, 2025) (Newbern, M.J.) (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). In this case, as the United States emphasizes, the Amended Complaint does not add a new claim, defense, or party. (Doc. No. 103 at 2.) Discovery has not yet begun, so the Cox defendants would not need to change their discovery or trial preparation strategy.[3] The Cox defendants are not foreclosed from filing a motion to dismiss

---

[3] The Cox defendants argue that, while it is technically true that discovery has not commenced, "the initiation of formal discovery under the Court's supervision should not be the standard by which the Court should evaluate prejudice," because the United States has used the lengthy seal period "to conduct one-sided discovery and lock in testimony after it has already

the amended complaint. Further, if the court grants the Motion to Amend, it would not significantly delay the resolution of the dispute—at least, not more than in comparable instances in which a court grants a motion to amend a complaint it dismissed for failure to satisfy Rule 9(b)'s heightened standard for pleading fraud, and when a proposed amended complaint, as here, seeks only to bolster the allegations of fraud, rather than change claims, defenses, or parties.[4]

Rather, the Cox defendants' claims of prejudice are mostly *backward* looking and concern issues they perceive with the government's investigation—issues so egregious, in their view, that the court ought to punish the government by denying its Motion to Amend. The Cox defendants make this explicit. They conclude their brief's "Preliminary Statement" by stating, "The Court should deny the Motion to Amend due to the undue prejudice that Defendants *have suffered* from the United States' misuse of its authority under the FCA." (Doc. No. 101 at 3 (emphasis added); *see also* Doc. No. 107 at 1–2 ("Defendants *have suffered* significant undue prejudice from the United States' delay and the manner in which the United States pursued the matter during the four-year seal period following its filing in April 2020 and since its unsealing." (emphasis added) (citing Doc. No. 101 at 12–20)).) And they conclude their brief's "Argument" by stating that "denial of leave to amend would be an appropriate *sanction* for the United States's conduct in order to *remedy* the prejudice caused the Defendants." (Doc. No. 101 at 20 (emphasis added).) The backward-looking nature of the Cox defendants' argument is evident also from similar concerns defense

---

reached a conclusion of fraud." (Doc. No. 101 at 12.) The Cox defendants do not explain, however, why that fact would cause *them* to "expend significant additional resources to conduct discovery."

[4] In some sense, it is true that, when courts grant motions to amend complaints that have been dismissed in their entirety, they necessarily extend the resolution of the case. And defendants need to expend more resources on a case that continues than one that is closed. But this does not automatically give rise to prejudice. Otherwise, *any* time a court considers a motion to amend a complaint it previously dismissed, there would be prejudice. And courts routinely dismiss without prejudice to filing an amended complaint, and routinely grant leave to amend, to allow parties to correct the deficiencies it found in their pleadings.

5

counsel expressed to the government's counsel in an August 2024 letter, sent before the government filed its Complaint. (*See, e.g.*, Doc. No. 102-4 at 3 ("[T]he USAO misused the FCA's investigatory provisions, acted inconsistently with DOJ practices and values, and prejudiced our clients in numerous ways during the course of its investigation."); *id.* at 4 ("The USAO sought ***more than four years*** of extensions of the seal period with respect to this action . . . which necessarily has prejudiced our clients.").)[5] Prejudice that purportedly existed before the government filed its Complaint cannot be "in virtue of" the court's allowing amendment.

In general, this backward-looking inquiry is not how courts consider prejudice. Rather, as the court discussed above, among the court's considerations is "undue prejudice to the opposing party *by virtue of* allowance of the amendment," not whether pre-suit behavior by the party moving to amend its complaint justifies a "sanction" in the form of denying leave to amend. (Doc. No. 101 at 20.) The court will nonetheless discuss the Cox defendants' argument in greater depth.

### 1. *Investigatory delay*[6]

The Cox defendants argue that the government's "four-year FCA investigation 'borders on the absurd.'" (Doc. No. 101 at 13 (quoting *U.S. ex rel. Martin v. Life Care Ctrs. of Am., Inc.*, 912 F. Supp. 2d 618, 623 (E.D. Tenn. 2012)).) And, while the Cox defendants acknowledge that they "have no access to the United States' explanations for why it believed that it had good cause to extend the seal during that four-year period," they nevertheless contend that "it is reasonable to

---

[5] Defense counsel's letter is marked "FRE 408 – Confidential – FOIA Exempt," and redacted in part, but the Cox defendants have filed it on this court's public docket, in support of its Response brief. (Doc. No. 102-4.)

[6] While delay in bringing a motion to amend is a separate ground for denying it, the Cox defendants argue that the government's *investigatory* delays caused them prejudice.

6

question now in retrospect whether those explanations were made in good faith." [7] (*Id.*) The delay in this case, the Cox defendants argue, "precluded Defendants from pursuing discovery to defend themselves." (*Id.* at 14.) Moreover, the government's delay means that some allegations of fraud stretch back over a decade and concern now-former employees and witnesses whose memories have faded. (*Id.* at 14–15.) Were the court to grant the government's Motion to Amend, the Cox defendants argue, it "would only compound that prejudice further by rewarding the United States with another year of delay." (Doc. No. 101 at 15.)

While the court understands that a long investigatory period can be frustrating to defendants, the Cox defendants' concerns do not relate to prejudice resulting from the granting of a motion to amend. And the cases the Cox defendants cite for support do not advance their argument. For example, the Cox defendants cite *Martin* for the proposition that "one-sided discovery for months or years while the case is under seal was not contemplated by Congress and is not authorized by the [FCA]." (Doc. No. 101 at 14 (quoting *Martin*, 912 F. Supp. 2d at 624 (alteration in the brief)).) But *Martin* did not concern a Rule 15 motion; rather, it concerned the government's request to extend the seal period as to certain documents. *Martin*, 912 F. Supp. 2d at 622–27. In a similar vein, *United States ex rel. Costa v. Baker & Taylor, Inc.*, which the Cox defendants also cite for support (Doc. No. 101 at 15), concerned the court's order to show cause as to why the seal should not be lifted. 955 F. Supp. 1188, 1189 (N.D. Cal. 1997). The Cox defendants describe another case as "denying United States leave to amend the complaint where the government's 'lack of time' was attributed to its 'sluggish pace' over an eighteen-month investigation." (Doc. No. 101 at 13–14 (quoting *United States ex rel. Smith v. Serenity Hospice*

_____

[7] The court notes that *it* had access to the government's explanations for seal-period extension requests and found them justified.

7

*Care, LLC*, No. CV 313–001, 2014 WL 4269063, at *3–4 (S.D. Ga. Aug. 28, 2014).) But in *Smith*, the court denied the government's motion to *extend the deadline to file* a motion to amend, in which the government indicated that "it *may* draft a proposed amended complaint, in which it *may* add allegations and . . . a second defendant," which would have "materially alter[ed] the posture of [an] already intricate lawsuit." *Smith*, 2014 WL 4269063, at *1, 3–4; *see also id.* at *4 ("Instead of filing a motion for leave to amend its complaint and attaching the proposed amendment, the United States, in essence, has filed a motion to *maybe* or perhaps amend its complaint."). Other cases the Cox defendants cite are also unhelpful.[8] Here, a week after this court dismissed its Complaint, the United States filed a motion asking this court to set a deadline for the filing of its motion to amend, which the court granted, and with which the United States complied.

### 2. "Misuse" of investigatory powers

The Cox defendants argue that they "*have . . . been prejudiced* by the United States' misuse of the FCA's investigatory provisions and the United States' pursuit of discovery outside the bounds of the Federal Rules of Civil Procedure." (Doc. No. 101 at 16 (emphasis added).) Specifically, the Cox defendants object to the government's (1) "unreasonab[ly]" long four-year seal period, during which it "conduct[ed] one-sided discovery," and, after the government intervened, (2) its use of "compulsory process outside the bounds of the Federal Rules of Civil Procedure and this Court's supervision to seek documents and information that it believes may be

---

[8] The Cox defendant's describe *McNulty v. Arctic Glacier* as "denying leave to amend to reassert previously dismissed claims." (Doc. No. 101 at 15 (citing *McNulty v. Arctic Glacier, Inc.*, No. 08-cv-13178, 2016 WL 465490, at *23 (E.D. Mich. Feb. 8, 2016).) But *McNulty* concerned the plaintiff's 2015 motion for leave to file a *second* amended complaint, which sought to "reassert the identical antitrust and RICO conspiracy claims that [the] Court expressly dismissed in its *2009* Orders." *McNulty*, 2016 WL 465490, at *17 (emphasis added). And *United States v. Holland*, 780 F. Supp. 3d 1287 (N.D. Ga. 2025), which the Cox defendants also cite for support, (Doc. No. 101 at 15), is a criminal case.

relevant to its claims against Defendants." (Doc. No. 101 at 3; *see also id.* at 14 ("The United States' unreasonable delay also *prejudiced* Defendants' ability to defend themselves against the allegations of fraud asserted by the United States." (emphasis added)); *id.* at 16 ("Defendants have also *been prejudiced* by the United States' misuse of the FCA's investigatory provisions and the United States' pursuit of discovery outside the bounds of the Federal Rules of Civil Procedure." (emphasis added)).) The Cox defendants describe the government's investigation at length. (*Id.* at 4–9.)

As the Sixth Circuit has instructed, a court "need not grant a motion to amend when the *reason for amendment is improper*, such as . . . bad faith . . . [or] undue prejudice to the opposing party *by virtue of the allowance of the amendment*." *Greer*, 114 F.4th at 617 (citation modified). Here, again, the Cox defendants do not argue that they will suffer prejudice resulting from the proposed amendment. Instead, they mostly refer to ways the government's investigation has allegedly already prejudiced them, mostly by pointing to dissimilar cases. For example, the Cox defendants state that, in a recent FCA case in this district, "Judge Crenshaw found that the United States failed to satisfy the FCA's good cause standard for late intervention where the government investigated *qui tam* allegations for three years and failed to show good cause supporting intervention." (Doc. No. 101 at 19–20 (citing *United States ex rel. Odom v. SouthEast Eye Specialists, PLLC*, No. 3:17-cv-00689, Hr'g Tr. 34:1–41:10 (M.D. Tenn. Feb. 26, 2021), ECF No. 105).) But the Cox defendants do not explain how a different standard applied to a different motion applies here. Their citations regarding sanctions are similarly unhelpful. The defendants cite the Supreme Court for the proposition that a "sanction short of dismissal may be warranted where FCA's seal provisions are violated." (*Id.* (citing *State Farm Fire & Cas. Co. v. U.S. ex rel. Rigsby*, 580 U.S. 26, 37–38 (2016)).) In *Rigsby*, the Court held that violating the seal requirement does not

9

mandate dismissal. 580 U.S. at 33. The Cox defendants do not argue that the United States has violated the FCA's seal provisions, and the court is not considering a motion to dismiss.

### 3. Additional briefing

The Cox defendants argue that another round of briefing, after they have "already spent significant time and resources successfully moving to dismiss the initial Complaint[,] amounts to further prejudice." (Doc. No. 101 at 15 (citing *Leading Edge Distrib., Ltd. v. All-State Diversified Prods., Inc.*, No. 1:11-cv-2716, 2012 WL 13026944, at *2 (N.D. Ohio May 15, 2012).) Like other cases the Cox defendants cite, *Leading Edge* does not support their argument. The Cox defendants describe *Leading Edge* as "denying leave to amend because cost and expense of another round of dispositive motions would prejudice defendants." (*Id.*) But they omit that, in *Leading Edge*, the plaintiff sought leave to file a *second* amended complaint, and the defendants would have had to "incur the cost and expense of filing a *third* round of dispositive motions." *Leading Edge*, 2012 WL 13026944, at *2 (emphasis added).

As our sister court recently explained, "the fact that a party must expend additional resources to address new claims in an amended pleading is not, by itself, the type of prejudice sufficient to justify denial of a motion to amend," even when "the opposing party has already filed a dispositive motion." *BF 3 Rivers JD SPV, LLC v. Lynchburg Renewable Fuels, LLC*, No. 4:24-cv-82, 2025 WL 2684110, at *3 (E.D. Tenn. July 7, 2025) (citing *Victoria's Secret & Co. v. Wholesale & Beauty LLC*, No. 2:24-cv-3758, 2025 WL 676281, at *1 (S.D. Ohio Mar. 3, 2025)). In *Victoria's Secret*, the court noted that "expense incurred in briefing the deficiencies in Defendants' counterclaim for a second time is not unduly prejudicial" and that the Federal Rules of Civil Procedure "expressly contemplate pleading amendments after a motion to dismiss under Rule 12." 2025 WL 676281, at *1 (citing Fed. R. Civ. P. 15(a)(1)(B)). Indeed, a party may amend its pleading, without seeking leave, "21 days after service of a motion under Rule 12(b)." Fed. R.

10

Civ. P. 15(a)(1)(B). Moreover, in *Morse v. McWhorter*, the Sixth Circuit noted that "another round of motion practice . . . does not rise to the level of prejudice that would warrant denial of leave to amend." 290 F.3d at 801. The mere fact that the Cox defendants would need to brief another motion to dismiss is not unduly prejudicial. That is especially true here, where the United States adds no parties or claims.

### 4. *Reputational harm*

The Cox defendants argue that, were the court to permit amendment, it would "compound" the reputational harm they have already suffered because the Amended Complaint "shows a knowing disregard by the United States for the factual accuracy of its allegations and continues a pattern of portraying Defendants as bad actors through the use of labels and conclusions this court has already rejected." (Doc. No. 101 at 17.) The United States responds that reputational harms "are not cognizable forms of prejudice." (Doc. No. 103 at 3 (citations to out-of-circuit cases omitted).) The Cox defendants cite one case in support of their contention that the court should consider reputational harm in its prejudice analysis, in which the District of Maryland noted that "[i]t is also important to consider the potential damage this False Claims Act suit has caused to Kernan's goodwill and reputation." (Doc. No. 101 at 17 (quoting *United States v. Kernan Hosp.*, No. RDB-11-2961, 2012 WL 5879133, at *7 (D. Md. Nov. 20, 2012).) In *Kernan Hospital*, after having earlier dismissed the government's FCA claims against the defendant for failure to plead fraud with particularity, the court having considered, among other reasons, the defendant's reputation, granted the defendant's petition to set aside the government's civil investigative demand, which the government had filed after its case had been dismissed. *Kernan Hosp.*, 2012 WL 5879133, at *1, 7. The motion before the court is in an entirely different procedural posture. And in any case, the court in *Kernan Hospital* noted that the government had "been given the opportunity to amend its complaint if it so chooses." *Id.* at *6. The court is mindful of the

11

reputational costs at issue, but granting the Motion to Amend would not create the substantial prejudice needed to overcome Rule 15(a)(2)'s liberal standards.

Last, while the Cox defendants expressly decline to make a futility argument,[9] their brief comments regarding futility cut against their arguments concerning prejudice. For example, in just a few sentences, the Cox defendants argue that the Amended Complaint's allegations of fraud again include "labels and conclusions this Court has already rejected." (Doc. No. 101 at 17.) And they further argue that the Amended Complaint "continues to rely on impermissible group pleading." (Doc. No. 101 at 18.) If the Amended Complaint is futile, then the court will be in a position to grant a motion to dismiss the Amended Complaint, in which case the Cox defendants need not expend resources to conduct discovery, nor would the resolution of the dispute be significantly delayed—the two relevant grounds for finding undue prejudice.

### B. Bad faith

Finally, the Cox defendants argue that the United States filed its Motion to Amend in bad faith. (Doc. No. 101 at 9–12.) As with their backwards-looking arguments regarding prejudice, the Cox defendants' arguments regarding bad faith in the investigatory process are unavailing. (*See* Doc. No. 101 at 12) ("United States at best badly mishandled its FCA investigation and at worst engaged in conduct that reflects bad faith on its part.").)

But the Cox defendants correctly note that the government has not offered a thorough explanation for why it did not originally plead with requisite particularity, when it had ample time to conduct a thorough investigation; nor does the government state that it now pleads facts it recently discovered. Failing to do so, the Cox defendants argue, along with the government's

---

[9] (Doc. No. 101 at 15 n.9 ("While Defendants believe that amendment would be futile, they reserve further argument on the sufficiency of the allegations in the proposed amended complaint[.]").)

"willingness to travel on conclusory allegations of fraud," shows that the government has acted in bad faith by filing the Motion to Amend. (*Id.* at 9–11 (referring to the government's "dilatory tactics").) The government responds that it has not filed the Motion to Amend in bad faith. Rather, because the court found that it pled with insufficient particularity and dismissed the Complaint without prejudice, it now brings this Motion to Amend to correct the errors the court identified. (Doc. No. 103 at 4–5.) Moreover, the government disagrees with the court's finding regarding particularity. (Doc. No. 99 at 3.) So, the court infers that the government originally pled with what it thought was the requisite particularity and now adds information above and beyond what it believes is necessary.

The government has the better argument here. After this court dismissed the Complaint without prejudice for failing Rule 9(b)'s heightened pleading standards, the government swiftly moved this court to set a deadline to move to amend the Complaint, and it met that deadline. Any argument of dilatory motive is misguided. And the court perceives no bad faith otherwise. Meanwhile, the Cox defendants cite only one in-circuit case to support their argument concerning bad faith. (Doc. No. 101 at 10 (citing *Zwick Partners, LP v. Quorum Health Corp.*, 394 F. Supp. 3d 804, 812 (M.D. Tenn. 2019) (Crenshaw, C.J.).) However, other than stating that courts may deny motions to amend for bad faith, *Zwick* does not discuss bad faith.

Similarly, in their response to the government's Notice of Supplemental Authority, the Cox defendants point the court to a recent First Circuit opinion, which they describe as affirming the district court's denial of a Rule 15(a) motion to amend "based on the plaintiff's undue delay stemming from the plaintiff's failure to explain why information in the proposed amendment could not have been included in a prior complaint." (Doc. No. 107 at 2 n.1 (describing *Flanagan*, 142

13

F.4th).) But *Flanagan* concerned a motion for leave to file a *second* amended complaint. *Flanagan*, 142 F.4th at 38.

## IV.    CONCLUSION

The Cox defendants have not shown that the government has brought its Motion to Amend in bad faith or that the court's granting it would unduly prejudice them. For the foregoing reasons, the government's Motion to Amend Complaint-in-Intervention (Doc. No. 98) will be granted.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge

14